IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LARRY M. MURPHY,

    Plaintiff,

vs.

SHERWOOD CONSTRUCTION CO., INC.,

    Defendant.

Case No. 19-CV-598-GKF-FHM

**OPINION AND ORDER**

Sherwood Construction Co., Inc.'s Motion to Strike, [Dkt. 22], has been fully briefed, [Dkt. 22, 26, 27], and is before the court for decision.

After obtaining one extension of the deadline in which to disclose his expert witness reports, [Dkt. 17, 18], Plaintiff failed to timely provide any expert reports. Plaintiff did not request an additional extension of time for the expert witness reports, but submitted a report out of time to Defendant for one expert witness (Hargrove) that does not meet the Rule 26(a)(2) content requirements. Plaintiff still had not submitted Rule 26(a)(2) compliant reports by the time his response to the motion to strike was filed. [Dkt. 26, pp. 2, 4]. Plaintiff offered a number of excuses or reasons why his untimely non-compliant expert report should not be stricken, but those reasons do not constitute a showing of good cause under Fed.R.Civ.P. 16 or excusable neglect.

Plaintiff has not been diligent in adhering to deadlines. The court notes that Plaintiff did not submit discovery responses until after a motion to compel was filed. The failure to provide timely expert reports is prejudicial to Defendant as Defendant must await Plaintiff's expert report to prepare its own experts. The information that was provided in the deficient expert report raises previously undisclosed damage theories that will require Defendant to

engage in additional discovery. In addition, Plaintiff has not provided any report what-so-ever about his appraisal expert (Foote), nor has Plaintiff provided any information about when Rule 26(a)(2) compliant reports might be forthcoming. The failure of Plaintiff to adhere to deadlines is wasteful of the opponent's resources and those of the court.

The court finds that Plaintiff has not shown good cause for the failure to adhere to the Scheduling Order deadline for the disclosure of expert witness reports. Fed.R.Civ.P. 16(f)(1) provides that the court may enter any just order, including the ones authorized by Fed.R.Civ.P. 37(b)(2)(A)(ii)-(iv) for the failure to obey a scheduling or other pretrial order. The court finds that striking Plaintiff's expert witness report is a just order.

Sherwood Construction Co., Inc.'s Motion to Strike, [Dkt. 22], is GRANTED. Having failed to adhere to the Scheduling Order with respect to expert witness reports, Plaintiff may not offer expert witness testimony that was not properly disclosed pursuant to the scheduling order.

SO ORDERED this 8th day of June, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE